**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KENNETH BEATTY,<br>*on behalf of himself and all others*<br>*similarly situated,*<br><br>*Plaintiff,*<br><br>*v.*<br><br>**CAPITAL ONE FINANCIAL CORPORATION,**<br>**CAPITAL ONE BANK (USA), NATIONAL**<br>**ASSOCIATION, CAPITAL ONE, NATIONAL**<br>**ASSOCIATION,**<br><br>*Defendants.* | **CLASS ACTION**<br>**COMPLAINT**<br><br>**Civil Action No.** |

## NATURE OF CLAIM

1.  This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiff and all other employees of Capital One Financial Corporation, Capital One Bank (USA), National Association and Capital One, National Association (collectively, "Capital One"), similarly situated, by the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*,; and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL").

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under 29 U.S.C. §

216(b) conferring jurisdiction of any civil action arising under the FLSA.

3.     This Court's pendent jurisdiction for claims arising under Illinois law is also invoked.

4.     Venue is appropriate in the Northern District of Illinois since the allegations arose in this district and plaintiff resides in this district.

## CLASS ACTION ALLEGATIONS

5.     Plaintiff brings his FLSA claim as a collective action under 29 U.S.C. §216(b). Plaintiff's consent form to act as a representative Plaintiff under the FLSA is attached hereto as Exhibit A.

6.     Plaintiff brings his IMWL claim as a class action under Fed. R. Civ. P. 23.

7.     The IMWL claim is properly maintainable as a class action under Federal Rule of Civil Procedure 23.

8.     The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

9.     The class is defined as all current and former employees whose primary job duty related to approving loans, evaluating whether to issue loans to individual loan applicants and/or evaluating loan applications under credit guides and approving loans if they meet standards and who were classified as exempt by defendants.

10.     The class includes those employees whose title has been reclassified as non-exempt.

11.     The class size is believed to be over 2,000 employees.

12.     The named plaintiff will adequately represent the interests of the class

members because he is similarly situated to the class members and his claims are typical of, and concurrent to, the claims of the other class members.

13.    Common questions of law and fact predominate in this action because the claims of all class members are based on whether Capital One's policy of not paying statutory overtime to employees who perform underwriting functions for hours worked in excess of forty per week violates Illinois law.

14.    There are no known conflicts of interest between the named plaintiff and the other class members.

15.    The class counsel, Thomas & Solomon LLP and Werman Law Office, P.C., are qualified and able to litigate the class members' claims.

16.    The class counsel concentrate their practice in employment litigation, and their attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

17.    The class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual class members across the jurisdictions in which defendants do business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for defendants.

18.    The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    The class is also maintainable under Rule 23(c)(4) with respect to particular

issues.

## PARTIES

### A.    *Defendants*

20.    Defendant Capital One Financial Corporation is a Delaware corporation and defendants Capital One (USA), National Association and Capital One, National Association are both subsidiaries of Capital One Financial Corporation.

21.    Capital One is an enterprise engaged in the sale of goods crossing interstate lines.

22.    Capital One employed 50 or more people during the relevant time of this lawsuit.

23.    Defendants are Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and IMWL, 820 ILCS 105/3(d).  Defendants are also jointly and severally liable, including pursuant to 29 C.F.R. § 791.2.

24.    Capital One is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

### B.    *Plaintiff and Class Members*

25.    Named plaintiff Kenneth Beatty was an employee of defendants under the relevant statutes at all relevant times.  Plaintiff Beatty typically worked over 40 hours per week.

26.    The Class Members are those employees of defendants, as defined above, who were suffered or permitted to work by defendants and not paid their statutorily required rate of pay for all hours worked.

- 4 -

## FACTUAL BACKGROUND

27.    Named plaintiff, and other employees similarly situated to named plaintiff, frequently worked more than 40 hours in a week and were not compensated at a rate of one-and-a-half times their hourly rate as required by the FLSA and Illinois Law.

28.    Capital One is in the business of extending credit to customers.

29.    The product Capital One produces for its customers is loans.

30.    Underwriting job functions are integral to Capital One's production of these products.

31.    Defendants' policy is to not pay statutory overtime to employees who perform the job functions set forth above.

32.    This policy of not paying statutory overtime to employees who perform underwriting functions exists in all Capital One facilities everywhere in the country.

33.    This is a nationwide policy.

34.    Capital One's policy of not paying statutory overtime to employees who perform underwriting job functions is long-standing and, upon information and belief, has been in effect for at least six years.

35.    This failure to pay overtime as required by the FLSA and Illinois law was willful.

36.    Defendants have failed to maintain adequate and required records on the hours worked by the plaintiff and class members as required by the FLSA and Illinois Law.

37.    Defendants have failed to pay plaintiff's and class members' wages as required by Illinois law.

## FIRST CAUSE OF ACTION
### *FLSA*

38.     Plaintiff realleges the above paragraphs as if fully restated herein.

39.     Defendants violated their obligations under the FLSA and are liable to the named plaintiff and those plaintiffs similarly situated.

## SECOND CAUSE OF ACTION
### *IMWL*

40.     Plaintiff realleges the above paragraphs as if fully restated herein.

41.     Defendants violated their obligations under the IMWL and are liable to named plaintiff and those plaintiffs similarly situated.

**WHEREFORE**, plaintiff demands judgment against defendants in his favor and that he be given the following relief:

a)  an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations; and

b)  an award to plaintiffs of the value of the hours and wages which were not properly compensated under the FLSA and Illinois law; and

c)  liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs; and

d)  prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a); and

e)  an award to plaintiffs of the actual losses sustained by plaintiffs as a direct result of the violation; and

f)  an award of consequential damages to plaintiffs as a result of the acts and practices of defendants; and

g)  an award of compensatory damages in an amount determined by the jury to be able to reasonably compensate plaintiffs; and

- 6 -

h) an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights; and

i) an award to plaintiffs of the value of the unpaid back wages due defendants' employees; and

j) an award of pre and post judgment interest; and

k) such other and further legal or equitable relief as this Court deems to be just and appropriate.

Respectfully submitted,

Dated: January 19, 2012

s/ Douglas M. Werman
One of Plaintiff's Attorneys

**WERMAN LAW OFFICE, P.C.**
Douglas M. Werman –
dwerman@flsalaw.com
Maureen A. Salas- msalas@flsalaw.com
David E. Stevens- dstevens@flsalaw.com
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

**THOMAS & SOLOMON LLP**
J. Nelson Thomas, Esq. (*pro hac vice admission anticipated*)
Michael J. Lingle, Esq. (*pro hac vice admission anticipated*)
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com

# EXHIBIT A

# CONSENT TO BECOME A PARTY PLAINTIFF

I consent to become a "party plaintiff," named, or a representative plaintiff in any Fair Labor Standards Act action of unpaid wages, including overtime wages, and related relief against my employer(s), including Capital One Financial Corporation and any related entity or person, on behalf of myself and other former and current employees of the employer(s).

I authorize the representative plaintiffs or plaintiffs' attorneys to file this consent with the Clerk of the Court. I hereby further authorize and designate the named plaintiffs to act on my behalf concerning the litigation, this investigation, consideration of settlement and attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____     1/16/2012
Signature                           Date

KENNETH ROBERT BEATTY JR.
Print Full Legal Name