**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KENNETH BEATTY and DONNET JAMES, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION, CAPITAL ONE, NATIONAL ASSOCIATION,**<br><br>**Defendants.** | **Case No. 1:12-cv-00434**<br><br>**Magistrate Judge Michael T. Mason** |

**INDEX OF EXHIBITS**
**TO JOINT MEMORANDUM OF LAW IS SUPPORT OF JOINT MOTION**
**FOR APPROVAL OF SETTLEMENT**

Joint Stipulation of Settlement ............................................................................................1

Notice of Settlement .............................................................................................A

Consent to Join Settlement and Release Form .......................................................B

IRS Form W-9 .......................................................................................................C

All potential Settlement Class Members ...............................................................D

Proposed Final Judgment and Order Approving Settlement and Dismissing Action ......................2

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH BEATTY and DONNET JAMES, et al.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CASE NO. 1:12-CV-00434** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CAPITAL ONE FINANCIAL** | ) | |
| **CORPORATION, et al.,** | ) | |
| | ) | **Magistrate Judge Michael T. Mason** |
| **Defendants.** | ) | |
| | ) | |

## JOINT STIPULATION OF SETTLEMENT

This Joint Stipulation of Settlement ("Joint Stipulation") was made and entered into by, between, and among Kenneth Beatty and Donnet James (the "Named Plaintiffs"), on behalf of themselves and other Opt-In Plaintiffs, and Defendants Capital One Financial Corporation, Capital One Bank (USA), National Association, and Capital One, National Association ("Defendants" or "Capital One") and is conditioned upon the Court's approval.

1.  DEFINITIONS

The following terms, when used in this Joint Stipulation, have the meanings set forth below, except when they are otherwise or more precisely defined in another Section.

(a)     Plaintiffs and Defendants herein are collectively referred to as "the Parties."

(b)     "Action" means the civil action filed in the United States District Court, Northern District of Illinois titled *Kenneth Beatty and Donnet James, et al. v. Capital One Financial Corporation, et al.*, Civil Action Number 1:12-cv-00434.

(c)      "Plaintiffs' Counsel" or "Class Counsel" means Thomas & Solomon LLP and Werman Law Office P.C.

(d)      "Court" means the United States District Court, Northern District of Illinois.

(e)      "Plaintiffs" means the individuals who have filed consent forms to participate in this Action pursuant to Section 216(b) of the Fair Labor Standards Act, including the Named Plaintiffs.[1]

(f)      "Named Plaintiffs" means Kenneth Beatty and Donnet James, the Named Plaintiffs in the Action

(g)      The "FLSA  Notice" refers to: (1) Notice of Settlement (Exhibit A); (2) Consent to Join Settlement and Release Form (Exhibit B); and (3) an IRS Form W-9 (Exhibit C) which will be sent by first class mail to all Settlement Class Members and, with regard to Settlement Class Members employed by Capital One at the time of mailing, also by electronic mail and hand-delivery, in the form attached hereto as Exhibit A, and (2) a "Notice Reminder," which is the FLSA Notice and which will be sent no later than thirty (30) days prior to the end of the Notice Period by first class mail to all Settlement Class Members, and with regard to Settlement Class Members then currently employed by Capital One, also by email, who have not otherwise responded to the first FLSA Notice.

(h)      The "Settlement Class" and "Settlement Class Members" means all individuals who (a) were employed by Capital One as a Relationship Manager, Senior Relationship Manager, and/or Underwriter between (1) January 19, 2009 (for Plaintiffs outside of New York) or January 19, 2006 (for Plaintiffs in New York), and (2) the earlier of (i) the date the position was reclassified as non-exempt or (ii) the effective date of the Plaintiff's opt-in and (b) for whom

---

[1] To the extent any Plaintiffs or Class Members are deceased, the parties will stipulate to substitute their successor in interest or other appropriate party in their place.

data has been provided to Plaintiffs' Counsel; provided, however, that such data may be supplemented by Capital One to include additional individuals, so long as such supplemental data does not result in an increase of more than 280 work weeks, and (c) who return a Consent to Join Settlement and Release Form by the deadline provided in the Agreement. All potential Settlement Class Members are identified in Exhibit D hereto, which identifies each and every member of the potential Settlement Class and shall control to identify all potential Settlement Class Members.

2.      BACKGROUND

On or about January 1, 2012, Capital One reclassified as non-exempt the position of Relationship Manager in the Capital One Auto Finance Business.  The Action was filed on January 19, 2012 by Kenneth Beatty, who was previously employed by Capital One as a Relationship Manager, and who alleged that Defendants failed to pay him and others similarly situated overtime wages when they worked more than forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 810 ILCS 105/1 *et seq.* (the "IMWL").

On February 3, 2012, Plaintiffs filed a Motion for Class Certification of their Illinois Minimum Wage Law Claim and Request for Discovery on Class Certification Issues.  No briefing schedule was set because Plaintiffs and Defendants agreed to stay briefing while they engaged in settlement discussions.  On or about March 15, 2012, Capital One made reclassification payments to certain individuals who were employed as Relationship Managers and who had executed an acknowledgement form indicating that they were being paid overtime compensation in connection with the reclassification of the Relationship Manager position.

On April 17, 2012, a First Amended Complaint was filed with the Court adding Donnet James as a named plaintiff and alleging, in addition to the previous FLSA and IMWL claims,

3

that Defendants had violated their obligations pursuant to New York Labor Law §§ 190 *et seq.* and 650 *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (the "NYLL"), with respect to Ms. James, who was previously employed by Capital One as an Underwriter, and other Plaintiffs similarly situated.

The Parties disagree on many procedural and substantive issues. Plaintiffs believe that class and collective action certification are appropriate and that they would prevail on all claims if the Action proceeded. Defendants believe they could defeat class and collective action certification. Defendants further believe that they would prevail on all claims if this litigation proceeded, because the classification of Plaintiffs as exempt was proper and at all times in compliance with the law.

For settlement purposes only, the Parties submit this Joint Stipulation. If for any reason this Joint Stipulation is not approved by the Court, this Joint Stipulation (and the related Settlement Term Sheet, signed September 6, 2012) will be void and of no force and effect, and the Parties expressly reserve their rights with respect to the prosecution and defense of the Action as if this Joint Stipulation never existed.

3.    REASONS FOR SETTLEMENT

(a)    Plaintiffs' Counsel have diligently and thoroughly investigated the facts of this Action and researched the legal issues involved. Based on their own independent investigation and evaluation, Plaintiffs' Counsel believe that settlement for the consideration and other terms set forth in this Joint Stipulation is fair, reasonable and adequate, and in the best interests of Plaintiffs. While Plaintiffs' Counsel believe the claims asserted in the Action have merit and that class certification was likely, they recognize and acknowledge that it would be expensive, time consuming, and burdensome to fully prosecute this Action. Plaintiffs' Counsel also have taken

into account the uncertainty and risks inherent in any litigation, especially in complex collective and class actions like this one.

(b)     Defendants deny liability or wrongdoing of any kind associated with Plaintiffs' claims, and Defendants further deny that this Action is appropriate for collective or class treatment for any purpose other than settlement.

Although the Parties do not abandon the positions they took in this Action, they believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests.  In light of these realities, the Parties believe that this Joint Stipulation is fair, reasonable and the best way to resolve the disputes between and among them.

4.     <u>STATEMENT OF NO ADMISSION</u>

(a)     This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission by Defendants as to the truth of the factual allegations or the merits of the claims made against them in this Action.

(b)     This Joint Stipulation does not constitute and is not to be deemed, construed, or used as an admission of liability or wrongdoing on the part of Defendants with respect to this Action.

(c)     This Joint Stipulation is a confidential settlement document and may not be admitted into evidence or used in any proceeding, except an action, motion, or proceeding to approve, interpret, or enforce the terms of the Joint Stipulation.

5.     <u>CONFIDENTIALITY</u>

(a)     Neither Plaintiffs nor their counsel will ever make a press release regarding the terms of this Joint Stipulation.

(b)     Plaintiffs and their counsel agree that neither the existence nor the terms of this Joint Stipulation shall be publicized in any manner for the period from September 6, 2012, until

one year after the date on which the court approves this settlement, unless otherwise required by law; provided, however, that direct communications with class members by counsel shall not be prohibited.

(c)     The Named Plaintiffs agree that they will not disclose the terms of this Joint Stipulation to anyone other than their immediate family members and their tax and/or legal advisors, in any manner, unless otherwise required by law.

(d)     Plaintiffs' Counsel agrees never to take any steps with respect to the settlement of this case resulting in reputational or financial harm to Defendants.

6.     <u>MONETARY TERMS OF SETTLEMENT</u>

(a)     Defendants will make a "Total Settlement Payment" in the amount of $3,200,000. From this amount, the following will be deducted:

(i)     "Attorneys' Fees," in the total amount of $1,066,666.67;[2]

(ii)     "Litigation Expenses and Costs," in the total amount of $30,000;[3]

(iii)     "Settlement Administrator Costs" of $15,000; and

(iv)     "Named Plaintiff Stipends" in the amount of $10,000 for Kenneth Beatty and $5,000 for Donnet James, for a total of $15,000;

(b)     The settlement proceeds that remain after the deductions described in paragraph 6(a) will be divided among the remaining potential Settlement Class Members *pro rata* based on individual estimates of lost wages.  The individual estimates of lost wages will be calculated using the following factors: (1) each potential Settlement Class Member's number of weeks in a

---

[2] The payment of legal fees to Plaintiffs' Counsel is consistent with legal services agreements executed between Plaintiffs' Counsel and the Plaintiffs, and represents one-third of the total Settlement Amount.

[3] The reimbursement of costs to Plaintiffs' Counsel is consistent with the Plaintiffs' legal services agreements executed between Plaintiffs' Counsel and the Plaintiffs.

relevant position (excluding leaves of absence); (2) each potential Settlement Class Member's regular rate of pay during the relevant weeks in a relevant position; and (3) an assumed number of overtime hours worked (6 hours for Senior Relationship Managers, and 4 hours for Relationship Managers and Underwriters); provided, however, that the estimate of lost wages for each individual who acknowledged receipt of a payment of overtime from Capital One following the reclassification of the Relationship Manager position shall have his or her estimate reduced by 33%. The *pro rata* allocations to the potential Settlement Class, totaling $2,073,333.33 are set forth on Exhibit D of this Joint Stipulation.

(c)     The amounts paid pursuant to this Joint Stipulation will not be taken into account in determining the rights or benefits of any Settlement Class Member under any benefit plan.

7.     <u>CLASS CERTIFICATION</u>

For settlement purposes only the Parties stipulate to the certification of the Action as a collective action pursuant to 29 U.S.C. § 216(b). In making this stipulation the Parties acknowledge for settlement purposes only that the Named Plaintiffs are similarly situated to the members of the Settlement Class and that Plaintiffs' Counsel is adequate Class Counsel.

8.     <u>SETTLEMENT TIMELINE</u>

The parties agree to follow the following timeline for the completion of the settlement process and the dismissal of this Action:

(a)     <u>Settlement Approval</u>: By November 19, 2012, Plaintiffs shall file a Joint Motion for Settlement Approval requesting that the Court: (1) grant approval of the parties' Settlement; (2) conditionally certify the Settlement Class pursuant to 29 U.S.C. § 216(b); (3) appoint Thomas & Solomon LLP and Werman Law Office P.C. as Class Counsel for the Settlement Class; (4) approve the Parties' proposed Notice of Settlement; and (5) approve the proposed settlement procedure.

(b)    <u>Notice Period</u>: Within fourteen (14) days following the Court's Order granting

Settlement Approval, the Settlement Administrator will mail, and  Capital One will otherwise

distribute, the settlement materials described below in Paragraph 9 to potential members of the

Settlement Class, who will have sixty (60) days to consider the terms of the Settlement and to

return the required documentation.

9.    <u>SETTLEMENT ADMINISTRATION</u>

(a)    Through a Settlement Administrator, jointly selected by the Parties, the members

of the Settlement Class will receive the following documentation explaining the settlement and

their rights:  (1) Notice of Settlement; (2) Consent to Join Settlement and Release Form; and (3)

an IRS Form W-9.  The Notice of Settlement will explain how each potential Settlement Class

Member's share of the settlement was calculated, will identify their specific settlement amount

(before taxes) and will provide instructions for how to consent to and accept a settlement

payment.   The Consent to Join Settlement and Release Form will identify the scope of the

release.  In order to join and receive their portion of the Settlement, each potential Settlement

Class Member must sign the Consent to Join Settlement and Release Form and IRS Form W-9

and return both to the Settlement Administrator within sixty (60) days of the date of mailing.

(b)    Plaintiffs' Counsel also shall provide an IRS Form W-9 to the Settlement

Administrator prior to receiving any payments pursuant to this Joint Stipulation.  The payment of

the fees and costs award to Plaintiffs' Counsel shall constitute full satisfaction of the obligation

to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in

the Action incurred by any attorney on behalf of the Named Plaintiffs and the Settlement Class,

and shall relieve Defendants and Defendants' Counsel of any other claims or liability to any

other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them

may claim to be entitled on behalf of the Named Plaintiffs and the Settlement Class.

(c)     Upon request, the Settlement Administrator shall during the 60-day opt-in period periodically provide to Defendants' Counsel and Plaintiffs' Counsel the names of members of the Settlement Class who chose to opt into the Action.  Promptly after the 30th day of the 60-day opt-in period, the Settlement Administrator shall issue a reminder Notice of Settlement to all members of the Settlement Class who by that date have not signed and returned to the Settlement Administrator the Consent to Join Settlement and Release Form and IRS Form W-9.

(d)     Following the end of the 60-day opt-in period, the Settlement Administrator shall notify Counsel for the Parties of the number of Settlement Class Members who have opted in to the Settlement, and of the total amount claimed by those Settlement Class Members.  In the event that (i) 85% or more of the members of the Settlement Class who as of the date of this Joint Stipulation are currently employed by Capital One opt into the Settlement, and (ii) less than 70% of the Total Settlement Payment Amount (net of attorneys' fees, costs, administration and enhancements) is claimed by the opt-ins, Capital One shall be permitted, at its option and with no penalty, to withdraw from the settlement by notifying Plaintiffs' Counsel of its withdrawal by 5:00 p.m. Central Time within ten (10) business days following Defendants' receipt of the information from the Settlement Administrator.

(e)     The Settlement Administrator will be responsible for the issuance of all checks, Forms W-2, and Forms 1099.  Half of each Named Plaintiff's *total* settlement amount, *excluding any Named Plaintiff Stipend,* shall constitute settlement of each Named Plaintiff's wage claims, for which the Settlement Administrator will issue a Form W-2.  The other half of each Named Plaintiff's settlement amount plus any Named Plaintiff Stipend shall constitute settlement of each Plaintiff's claims for liquidated damages and/or interest and penalties, for which the Settlement Administrator will issue an IRS Form 1099.  The Settlement Administrator will be responsible

9

for calculating the amounts of withholdings and payroll taxes for the wages portion of the settlement. Federal income tax will be withheld at a 25% withholding rate for all Plaintiffs who are as of the date of this Joint Stipulation not employed by Capital One. Federal income tax will be withheld for all Plaintiffs who are as of the date of this Joint Stipulation employed by Capital One according to the elections on file with Capital One. State income tax will be withheld according to applicable state withholding requirements. Each Plaintiff shall agree to indemnify Defendants if the tax allocation and treatment of these payments is later challenged by the IRS or any state tax authority. The Settlement Administrator shall be responsible for all tax filings.

(f)     The Settlement Administrator will be responsible for distribution of the checks to Plaintiffs. Defendants will deliver or cause to be delivered the Total Settlement Payment (net of all settlement amounts allocated to Class Members who have not opted in to the settlement) to the Settlement Administrator no later than fifteen (15) business days after the Settlement Administrator notifies counsel for the Parties pursuant to Paragraph 9(d) of the total amount claimed by the opt-in Settlement Class Members. The Settlement Administrator shall release the settlement funds to Plaintiffs and Plaintiffs' Counsel seven (7) days after Defendants have delivered the Total Settlement Payment to the Settlement Administrator at which time Plaintiffs' Counsel's attorneys' fees and costs will be paid. Plaintiffs' Counsel will cooperate with Defendants to the extent that Defendants are required to provide accurate addresses, a Form W-9, and, if necessary, any additional Form W-4 information to facilitate payroll withholding and tax reporting. The Settlement Administrator will report payments to Plaintiffs' Counsel on IRS Form 1099.

(g)     If requested by Plaintiffs' Counsel on behalf of any Named Plaintiff or Settlement

Class Member, the Settlement Administrator will issue replacement settlement checks for checks

that are lost, misplaced, delayed or inadvertently destroyed.

10.     RELEASE OF CLAIMS

Following the Court's approval of the Settlement, Named Plaintiffs and Settlement Class

Members will release and discharge Defendants and their former and present parents,

subsidiaries, and affiliated corporations, and their officers, directors, employees, partners,

shareholders and agents, and any other successors, assigns, or legal representatives ("Released

Parties") from any and all claims, causes of action, or liabilities based on or arising out of the

allegations in the Action or which could arise out of the allegations in the Amended Complaint,

under any federal, state, or local statutory or common law ("Released Claims").  The  Released

Claims include, but are not limited to, any and all claims arising from or dependent on Illinois

wage and hour laws for overtime pay (including, but not limited to, the Illinois Minimum Wage

Law), the NYLL, the FLSA, and all of their implementing regulations.  In addition, the Named

Plaintiffs will, to the fullest extent permitted by law, release the Released Parties from any and

all claims, causes of action, or liabilities, known or unknown, of whatever nature, arising from

events taking place at any time prior to the effective date of the release.  A Settlement Class

Member who fails to accept the relevant release has no right to receive a payment pursuant to

this Joint Stipulation.

11.     DISMISSAL

The parties agree to cooperate and take all steps necessary and appropriate to dismiss this

Action with prejudice, and any Plaintiff and Settlement Class Member who opts into the Action

pursuant to this Joint Stipulation agrees to withdraw with prejudice any action or claims that may

have been asserted against Defendants that are covered by the Release of claims in Paragraph 10.

11

The parties agree that upon entry of an Order by this Court finding this Settlement to be fair and reasonable, this Action will be dismissed in its entirety, without prejudice, and such dismissal without prejudice shall convert to a dismissal with prejudice ninety (90) days after the Notice Period expires.

12.    CONSTRUCTION

The terms and conditions of this Joint Stipulation are the result of lengthy, intensive, arm's-length negotiations between and among the Parties.  Accordingly, this Joint Stipulation is not to be construed in favor of or against any party by reason of the extent to which any party or its counsel participated in the drafting of the Joint Stipulation.

13.    INTEGRATION

This Joint Stipulation contains the entire agreement between the parties relating to the settlement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

14.    BINDING ON SUCCESSORS AND ASSIGNS

This Joint Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

15.    PARTIES' AUTHORITY

The signatories hereto represent that they are fully authorized to enter into this Joint Stipulation and bind the respective Parties to its terms and conditions.

Signed this ____ day of _____, 2012.

By: _/s/_____

J. Nelson Thomas
Michael J. Lingle
**THOMAS & SOLOMON LLP**
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

**WERMAN LAW OFFICE**
Douglas M. Werman
Werman Law Office
77 West Washington, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

**Attorneys for Plaintiffs, others similarly situated, and the Putative Class**

By: _/s/_____

Kenneth W. Gage, IL Bar No. 6291335
**PAUL HASTINGS LLP**
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606

**COUNSEL FOR DEFENDANTS**
**CAPITAL ONE FINANCIAL CORPORATION**
**ET AL.**

13

# EXHIBIT A

**[Settlement Administrator Letterhead]**

**[_____, 2012]**


**[Employee]**


      **Re:**    <u>**Collective Action Settlement**</u>


Dear **[Employee]**:

You are receiving this correspondence because you are eligible to join in a settlement with Defendants Capital One Financial Corporation, Capital One Bank (USA), National Association, and Capital One, National Association ("Defendants" or "Capital One"). **Under the terms of the settlement, you are entitled to receive $_____.** To participate in the settlement and receive a settlement payment, you must sign the enclosed consent form and return it no later than [**INSERT 60 DAYS FROM MAILING**].

In January, 2012, a lawsuit was filed in federal court in Illinois alleging that individuals who were employed by Capital One as a Relationship Manager, Senior Relationship Manager, and/or Underwriter since January 19, 2009 (for persons employed outside of New York) or January 19, 2006 (for persons employed in New York), were not properly paid overtime for time they worked over 40 hours in individual work weeks. Capital One denied and continues to deny, all allegations in this lawsuit; however, the parties ultimately agreed to a settlement and you are entitled to participate in the settlement in exchange for a release of all federal, state and local wage and hour claims for overtime pay you may have arising from your employment as a Relationship Manager, Senior Relationship Manager, and/or Underwriter.

The settlement amount is based on an equitable formula that takes into account (1) the number of weeks you worked in the relevant job position (excluding leaves of absence); (2) your regular rate of pay during the relevant weeks in the relevant position; (3) an assumed number of overtime hours worked (6 hours for Senior Relationship Managers, and 4 hours for Relationship Managers and Underwriters); and (4) if you already received a back payment for overtime from Capital One following the reclassification of the Relationship Manager position, a reduction of 33%.

If you wish to participate in the settlement and receive a settlement payment, you must sign and return the enclosed consent form no later than **[60 days from mailing]**. If you choose to participate in this settlement, you will receive a payment of approximately $_____, less applicable tax and payroll deductions.

One half of this payment is considered wages and shall be subject to the withholding of all applicable local, state, and federal taxes, and shall appear on a Form W-2. The remaining one-

half payment is not considered wages, and you will be responsible for paying the appropriate taxes on the amount. This amount will appear on a Form 1099. Please consult with your accountant or other tax advisor regarding the tax consequences of the settlement amount paid to you.

Please understand that the Court has approved this settlement. By signing and returning the consent form you agree to opt-in to this litigation and agree not to sue Capital One or any of the "Released Parties" (as that term is defined in the parties' settlement agreement). You also will release all federal, state and local wage and hour claims arising from your employment as a Relationship Manager, Senior Relationship Manager, and/or Underwriter through the earlier of (a) the date your job position was reclassified as non-exempt or (b) the effective date of your opt-in to this litigation.

Failure to return this consent on or before the deadline will prevent you from receiving your check. You should keep a record of mailing to verify the date it was mailed.

<u>Alternatively, you can choose to do nothing. If you do not sign and return the enclosed consent form, you will be unable to participate in the settlement and you will not be subject to the judgment in this case.</u> The lawsuit and the settlement will have no effect on you. Because of the operative statute of limitations applicable to this case, if you do not join this settlement you may lose any right, if such a right exists, to recover these claims in the future.

If you currently work at Capital One, no one at Capital One will retaliate against you for accepting this offer. If you no longer work at Capital One, acceptance will not in any way affect your eligibility for rehire.

If you want to ask questions when deciding whether to accept this offer or need to change your address, you may contact [Settlement Administrator], a third party that has been retained to administer this process at INSERT 1-800 NUMBER OR EMAIL ADDRESS or Class Counsel at INSERT 1-800 NUMBER OR EMAIL ADDRESS. Please do not contact the Court.

Sincerely,

*[Insert Name]*

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH BEATTY and DONNET JAMES, on behalf of themselves and all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **No. 12-cv-434** |
| **v.** | ) ) | **Magistrate Judge Mason** |
| **CAPITAL ONE FINANCIAL CORPORATION, et al.** | ) ) ) | |
| **Defendants.** | ) | |

**CONSENT TO JOIN ACTION AND PARTICIPATE IN SETTLEMENT, INCLUDING RELEASE OF CLAIMS**

I consent to join the above-captioned lawsuit and to participate in the settlement of this action. In exchange for a payment in the amount of $_____, pursuant to the court-approved settlement in this action, I acknowledge and agree to release and waive claims against the named Defendants and other parties released by the court-approved settlement in this action, including without limitation Defendants' former and present parents, subsidiaries, and affiliated corporations, and their officers, directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal representatives ("Released Parties") from any and all claims, causes of action, or liabilities based on or arising out of the allegations in the Action or which could arise out of the allegations in the Amended Complaint, under any federal, state, or local statutory or common law ("Released Claims"). Released Claims include, but are not limited to, any and all claims arising from or dependent on Illinois wage and hour laws for overtime pay (including, but not limited to, the Illinois Minimum Wage Law), the New York Labor Law, the Fair Labor Standards Act, and all of their implementing regulations.

DATE: _____    _____

SIGNATURE

_____

PRINTED NAME

# EXHIBIT C

Form **W-9**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

**Give Form to the requester. Do not send to the IRS.**

*Print or type*
*See Specific Instructions on page 2.*

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax classification:

☐ Individual/sole proprietor ☐ C Corporation ☐ S Corporation ☐ Partnership ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)

Requester's name and address (optional)

City, state, and ZIP code

List account number(s) here (optional)

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

Employer identification number

## Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here**

Signature of
U.S. person ▶

Date ▶

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

## Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

The person who gives Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States is in the following cases:

• The U.S. owner of a disregarded entity and not the entity,

• The U.S. grantor or other owner of a grantor trust and not the trust, and

• The U.S. trust (other than a grantor trust) and not the beneficiaries of the trust.

**Foreign person.** If you are a foreign person, do not use Form W-9. Instead, use the appropriate Form W-8 (see Publication 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

**Example.** Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a nonresident alien or a foreign entity not subject to backup withholding, give the requester the appropriate completed Form W-8.

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS a percentage of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

### Payments you receive will be subject to backup withholding if:

1. You do not furnish your TIN to the requester,

2. You do not certify your TIN when required (see the Part II instructions on page 3 for details),

3. The IRS tells the requester that you furnished an incorrect TIN,

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See the instructions below and the separate Instructions for the Requester of Form W-9.

Also see *Special rules for partnerships* on page 1.

## Updating Your Information

You must provide updated information to any person to whom you claimed to be an exempt payee if you are no longer an exempt payee and anticipate receiving reportable payments in the future from this person. For example, you may need to provide updated information if you are a C corporation that elects to be an S corporation, or if you no longer are tax exempt. In addition, you must furnish a new Form W-9 if the name or TIN changes for the account, for example, if the grantor of a grantor trust dies.

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

## Specific Instructions

### Name

If you are an individual, you must generally enter the name shown on your income tax return. However, if you have changed your last name, for instance, due to marriage without informing the Social Security Administration of the name change, enter your first name, the last name shown on your social security card, and your new last name.

If the account is in joint names, list first, and then circle, the name of the person or entity whose number you entered in Part I of the form.

**Sole proprietor.** Enter your individual name as shown on your income tax return on the "Name" line. You may enter your business, trade, or "doing business as (DBA)" name on the "Business name/disregarded entity name" line.

**Partnership, C Corporation, or S Corporation.** Enter the entity's name on the "Name" line and any business, trade, or "doing business as (DBA) name" on the "Business name/disregarded entity name" line.

**Disregarded entity.** Enter the owner's name on the "Name" line. The name of the entity entered on the "Name" line should never be a disregarded entity. The name on the "Name" line must be the name shown on the income tax return on which the income will be reported. For example, if a foreign LLC that is treated as a disregarded entity for U.S. federal tax purposes has a domestic owner, the domestic owner's name is required to be provided on the "Name" line. If the direct owner of the entity is also a disregarded entity, enter the first owner that is not disregarded for federal tax purposes. Enter the disregarded entity's name on the "Business name/disregarded entity name" line. If the owner of the disregarded entity is a foreign person, you must complete an appropriate Form W-8.

**Note.** Check the appropriate box for the federal tax classification of the person whose name is entered on the "Name" line (Individual/sole proprietor, Partnership, C Corporation, S Corporation, Trust/estate).

**Limited Liability Company (LLC).** If the person identified on the "Name" line is an LLC, check the "Limited liability company" box only and enter the appropriate code for the tax classification in the space provided. If you are an LLC that is treated as a partnership for federal tax purposes, enter "P" for partnership. If you are an LLC that has filed a Form 8832 or a Form 2553 to be taxed as a corporation, enter "C" for C corporation or "S" for S corporation. If you are an LLC that is disregarded as an entity separate from its owner under Regulation section 301.7701-3 (except for employment and excise tax), do not check the LLC box unless the owner of the LLC (required to be identified on the "Name" line) is another LLC that is not disregarded for federal tax purposes. If the LLC is disregarded as an entity separate from its owner, enter the appropriate tax classification of the owner identified on the "Name" line.

**Other entities.** Enter your business name as shown on required federal tax documents on the "Name" line. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on the "Business name/disregarded entity name" line.

# Exempt Payee

If you are exempt from backup withholding, enter your name as described above and check the appropriate box for your status, then check the "Exempt payee" box in the line following the "Business name/disregarded entity name," sign and date the form.

Generally, individuals (including sole proprietors) are not exempt from backup withholding. Corporations are exempt from backup withholding for certain payments, such as interest and dividends.

**Note.** If you are exempt from backup withholding, you should still complete this form to avoid possible erroneous backup withholding.

The following payees are exempt from backup withholding:

1. An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2),

2. The United States or any of its agencies or instrumentalities,

3. A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities,

4. A foreign government or any of its political subdivisions, agencies, or instrumentalities, or

5. An international organization or any of its agencies or instrumentalities.

Other payees that may be exempt from backup withholding include:

6. A corporation,

7. A foreign central bank of issue,

8. A dealer in securities or commodities required to register in the United States, the District of Columbia, or a possession of the United States,

9. A futures commission merchant registered with the Commodity Futures Trading Commission,

10. A real estate investment trust,

11. An entity registered at all times during the tax year under the Investment Company Act of 1940,

12. A common trust fund operated by a bank under section 584(a),

13. A financial institution,

14. A middleman known in the investment community as a nominee or custodian, or

15. A trust exempt from tax under section 664 or described in section 4947.

The following chart shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 15.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
| --- | --- |
| Interest and dividend payments | All exempt payees except for 9 |
| Broker transactions | Exempt payees 1 through 5 and 7 through 13. Also, C corporations. |
| Barter exchange transactions and patronage dividends | Exempt payees 1 through 5 |
| Payments over $600 required to be reported and direct sales over $5,000 [1] | Generally, exempt payees 1 through 7 [2] |

[1] See Form 1099-MISC, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, gross proceeds paid to an attorney, and payments for services paid by a federal executive agency.

## Part I. Taxpayer Identification Number (TIN)

**Enter your TIN in the appropriate box.** If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see *How to get a TIN* below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN. However, the IRS prefers that you use your SSN.

If you are a single-member LLC that is disregarded as an entity separate from its owner (see *Limited Liability Company (LLC)* on page 2), enter the owner's SSN (or EIN, if the owner has one). Do not enter the disregarded entity's EIN. If the LLC is classified as a corporation or partnership, enter the entity's EIN.

**Note.** See the chart on page 4 for further clarification of name and TIN combinations.

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local Social Security Administration office or get this form online at *www.ssa.gov*. You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at *www.irs.gov/businesses* and clicking on Employer Identification Number (EIN) under Starting a Business. You can get Forms W-7 and SS-4 from the IRS by visiting IRS.gov or by calling 1-800-TAX-FORM (1-800-829-3676).

If you are asked to complete Form W-9 but do not have a TIN, write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note.** Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

*Caution: A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.*

## Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if item 1, below, and items 4 and 5 on page 4 indicate otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). In the case of a disregarded entity, the person identified on the "Name" line must sign. Exempt payees, see *Exempt Payee* on page 3.

**Signature requirements.** Complete the certification as indicated in items 1 through 3, below, and items 4 and 5 on page 4.

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

Form W-9 (Rev. 12-2011)                                                                                       Page **4**

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| 5. Sole proprietorship or disregarded entity owned by an individual | The owner [3] |
| 6. Grantor trust filing under Optional Form 1099 Filing Method 1 (see Regulation section 1.671-4(b)(2)(i)(A)) | The grantor* |
| **For this type of account:** | **Give name and EIN of:** |
| 7. Disregarded entity not owned by an individual | The owner |
| 8. A valid trust, estate, or pension trust | Legal entity [4] |
| 9. Corporation or LLC electing corporate status on Form 8832 or Form 2553 | The corporation |
| 10. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 11. Partnership or multi-member LLC | The partnership |
| 12. A broker or registered nominee | The broker or nominee |
| 13. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| 14. Grantor trust filing under the Form 1041 Filing Method or the Optional Form 1099 Filing Method 2 (see Regulation section 1.671-4(b)(2)(i)(B)) | The trust |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name and you may also enter your business or "DBA" name on the "Business name/disregarded entity" name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see *Special rules for partnerships* on page 1.

*****Note.** Grantor also must provide a Form W-9 to trustee of trust.

**Note.** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records from Identity Theft

Identity theft occurs when someone uses your personal information such as your name, social security number (SSN), or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:

• Protect your SSN,

• Ensure your employer is protecting your SSN, and

• Be careful when choosing a tax preparer.

If your tax records are affected by identity theft and you receive a notice from the IRS, respond right away to the name and phone number printed on the IRS notice or letter.

If your tax records are not currently affected by identity theft but you think you are at risk due to a lost or stolen purse or wallet, questionable credit card activity or credit report, contact the IRS Identity Theft Hotline at 1-800-908-4490 or submit Form 14039.

For more information, see Publication 4535, Identity Theft Prevention and Victim Assistance.

Victims of identity theft who are experiencing economic harm or a system problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to *phishing@irs.gov*. You may also report misuse of the IRS name, logo, or other IRS property to the Treasury Inspector General for Tax Administration at 1-800-366-4484. You can forward suspicious emails to the Federal Trade Commission at: *spam@uce.gov* or contact them at *www.ftc.gov/idtheft* or 1-877-IDTHEFT (1-877-438-4338).

Visit IRS.gov to learn more about identity theft and how to reduce your risk.

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons (including federal agencies) who are required to file information returns with the IRS to report interest, dividends, or certain other income paid to you; mortgage interest you paid; the acquisition or abandonment of secured property; the cancellation of debt; or contributions you made to an IRA, Archer MSA, or HSA. The person collecting this form uses the information on the form to file information returns with the IRS, reporting the above information. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation and to cities, states, the District of Columbia, and U.S. possessions for use in administering their laws. The information may also be disclosed to other countries under a treaty, to federal and state agencies to enforce civil and criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. You must provide your TIN whether or not you are required to file a tax return. Under section 3406, payers must generally withhold a percentage of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to the payer. Certain penalties may also apply for providing false or fraudulent information.

# EXHIBIT D

**Kenneth Beatty, et al. v. Capital One Financial Corporation, et al.**
**Exhibit D**

| Emplid | Owed Wages | Liquidated Damages | Settlement Payment |
|---|---|---|---|
| 101009 | $ 1,885.01 | $ 1,885.01 | $ 3,770.03 |
| 104177 | $ 1,227.93 | $ 1,227.93 | $ 2,455.86 |
| 104539 | $ 1,901.82 | $ 1,901.82 | $ 3,803.65 |
| 104774 | $ 2,031.61 | $ 2,031.61 | $ 4,063.22 |
| 104808 | $ 2,147.04 | $ 2,147.04 | $ 4,294.08 |
| 104819 | $ 2,488.35 | $ 2,488.35 | $ 4,976.69 |
| 105926 | $ 3,132.17 | $ 3,132.17 | $ 6,264.34 |
| 106898 | $ 286.77 | $ 286.77 | $ 573.54 |
| 108100 | $ 1,354.24 | $ 1,354.24 | $ 2,708.48 |
| 108647 | $ 4,266.94 | $ 4,266.94 | $ 8,533.89 |
| 108837 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 108867 | $ 280.59 | $ 280.59 | $ 561.19 |
| 111853 | $ 15,307.98 | $ 15,307.98 | $ 30,615.96 |
| 111995 | $ 2,535.97 | $ 2,535.97 | $ 5,071.94 |
| 112306 | $ 2,859.52 | $ 2,859.52 | $ 5,719.05 |
| 115183 | $ 2,636.27 | $ 2,636.27 | $ 5,272.54 |
| 116686 | $ 13,702.88 | $ 13,702.88 | $ 27,405.76 |
| 117604 | $ 516.96 | $ 516.96 | $ 1,033.92 |
| 118436 | $ 2,811.21 | $ 2,811.21 | $ 5,622.43 |
| 123438 | $ 3,055.12 | $ 3,055.12 | $ 6,110.24 |
| 124167 | $ 1,145.39 | $ 1,145.39 | $ 2,290.77 |
| 124224 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 125430 | $ 3,127.10 | $ 3,127.10 | $ 6,254.20 |
| 125496 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 125706 | $ 2,077.74 | $ 2,077.74 | $ 4,155.49 |
| 128872 | $ 422.45 | $ 422.45 | $ 844.90 |
| 129865 | $ 2,321.50 | $ 2,321.50 | $ 4,643.00 |
| 129957 | $ 1,144.19 | $ 1,144.19 | $ 2,288.39 |
| 130518 | $ 1,224.98 | $ 1,224.98 | $ 2,449.97 |
| 131051 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 131118 | $ 4,966.32 | $ 4,966.32 | $ 9,932.63 |
| 131208 | $ 13,062.57 | $ 13,062.57 | $ 26,125.14 |
| 152282 | $ 230.19 | $ 230.19 | $ 460.38 |
| 152464 | $ 1,569.68 | $ 1,569.68 | $ 3,139.36 |
| 152846 | $ 15,054.78 | $ 15,054.78 | $ 30,109.57 |
| 152943 | $ 1,609.42 | $ 1,609.42 | $ 3,218.84 |
| 153236 | $ 14,945.39 | $ 14,945.39 | $ 29,890.78 |
| 153445 | $ 2,744.63 | $ 2,744.63 | $ 5,489.27 |
| 154540 | $ 3,580.30 | $ 3,580.30 | $ 7,160.60 |
| 155610 | $ 3,823.52 | $ 3,823.52 | $ 7,647.04 |
| 157106 | $ 635.90 | $ 635.90 | $ 1,271.81 |
| 157585 | $ 2,311.35 | $ 2,311.35 | $ 4,622.69 |
| 157781 | $ 5,722.41 | $ 5,722.41 | $ 11,444.83 |
| 158085 | $ 460.02 | $ 460.02 | $ 920.04 |
| 158086 | $ 1,471.26 | $ 1,471.26 | $ 2,942.51 |
| 158242 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 158243 | $ 2,194.77 | $ 2,194.77 | $ 4,389.55 |
| 158248 | $ 2,825.84 | $ 2,825.84 | $ 5,651.67 |
| 158598 | $ 12,759.24 | $ 12,759.24 | $ 25,518.49 |
| 158716 | $ 2,742.58 | $ 2,742.58 | $ 5,485.16 |

**Kenneth Beatty, et al. v. Capital One Financial Corporation, et al.**
**Exhibit D**

| Emplid | Owed Wages | Liquidated Damages | Settlement Payment |
|---|---|---|---|
| 161000 | $ 14,482.69 | $ 14,482.69 | $ 28,965.37 |
| 161037 | $ 766.97 | $ 766.97 | $ 1,533.94 |
| 161496 | $ 11,056.50 | $ 11,056.50 | $ 22,113.00 |
| 161599 | $ 2,448.68 | $ 2,448.68 | $ 4,897.37 |
| 161760 | $ 2,844.78 | $ 2,844.78 | $ 5,689.57 |
| 162256 | $ 3,081.97 | $ 3,081.97 | $ 6,163.93 |
| 162305 | $ 896.53 | $ 896.53 | $ 1,793.06 |
| 163121 | $ 9,710.81 | $ 9,710.81 | $ 19,421.63 |
| 163126 | $ 1,162.65 | $ 1,162.65 | $ 2,325.29 |
| 163464 | $ 893.14 | $ 893.14 | $ 1,786.28 |
| 163467 | $ 3,339.86 | $ 3,339.86 | $ 6,679.72 |
| 163674 | $ 2,796.23 | $ 2,796.23 | $ 5,592.47 |
| 163734 | $ 537.15 | $ 537.15 | $ 1,074.30 |
| 163752 | $ 5,303.95 | $ 5,303.95 | $ 10,607.89 |
| 163755 | $ 3,328.75 | $ 3,328.75 | $ 6,657.50 |
| 163758 | $ 4,729.85 | $ 4,729.85 | $ 9,459.69 |
| 163761 | $ 12,212.08 | $ 12,212.08 | $ 24,424.15 |
| 163763 | $ 11,201.65 | $ 11,201.65 | $ 22,403.30 |
| 163767 | $ 7,207.83 | $ 7,207.83 | $ 14,415.67 |
| 163768 | $ 138.83 | $ 138.83 | $ 277.67 |
| 163771 | $ 12,616.18 | $ 12,616.18 | $ 25,232.37 |
| 163799 | $ 537.15 | $ 537.15 | $ 1,074.30 |
| 163915 | $ 11,435.44 | $ 11,435.44 | $ 22,870.88 |
| 163922 | $ 3,158.16 | $ 3,158.16 | $ 6,316.32 |
| 163923 | $ 13,316.41 | $ 13,316.41 | $ 26,632.81 |
| 163926 | $ 1,410.74 | $ 1,410.74 | $ 2,821.48 |
| 163929 | $ 3,616.44 | $ 3,616.44 | $ 7,232.88 |
| 163931 | $ 9,016.23 | $ 9,016.23 | $ 18,032.47 |
| 164137 | $ 290.31 | $ 290.31 | $ 580.62 |
| 164158 | $ 930.82 | $ 930.82 | $ 1,861.64 |
| 164167 | $ 857.28 | $ 857.28 | $ 1,714.56 |
| 164191 | $ 13,914.85 | $ 13,914.85 | $ 27,829.70 |
| 164196 | $ 3,580.30 | $ 3,580.30 | $ 7,160.60 |
| 164202 | $ 736.64 | $ 736.64 | $ 1,473.28 |
| 164212 | $ 387.34 | $ 387.34 | $ 774.68 |
| 164245 | $ 637.14 | $ 637.14 | $ 1,274.29 |
| 164255 | $ 484.72 | $ 484.72 | $ 969.43 |
| 164259 | $ 1,262.68 | $ 1,262.68 | $ 2,525.35 |
| 164275 | $ 304.19 | $ 304.19 | $ 608.38 |
| 164298 | $ 3,555.88 | $ 3,555.88 | $ 7,111.75 |
| 164301 | $ 477.08 | $ 477.08 | $ 954.16 |
| 164385 | $ 4,164.56 | $ 4,164.56 | $ 8,329.13 |
| 164390 | $ 635.66 | $ 635.66 | $ 1,271.31 |
| 164415 | $ 21,434.26 | $ 21,434.26 | $ 42,868.52 |
| 164425 | $ 5,723.09 | $ 5,723.09 | $ 11,446.18 |
| 164452 | $ 228.33 | $ 228.33 | $ 456.66 |
| 164477 | $ 473.88 | $ 473.88 | $ 947.76 |
| 164502 | $ 230.56 | $ 230.56 | $ 461.12 |
| 164535 | $ 226.84 | $ 226.84 | $ 453.69 |
| 164564 | $ 304.94 | $ 304.94 | $ 609.87 |

**Kenneth Beatty, et al. v. Capital One Financial Corporation, et al.**
**Exhibit D**

| Emplid | Owed Wages | Liquidated Damages | Settlement Payment |
|---|---|---|---|
| 164576 | $ 483.44 | $ 483.44 | $ 966.87 |
| 164602 | $ 12,538.52 | $ 12,538.52 | $ 25,077.04 |
| 164603 | $ 13,469.41 | $ 13,469.41 | $ 26,938.83 |
| 164604 | $ 4,655.70 | $ 4,655.70 | $ 9,311.39 |
| 164610 | $ 436.45 | $ 436.45 | $ 872.90 |
| 164631 | $ 304.19 | $ 304.19 | $ 608.38 |
| 164665 | $ 1,179.20 | $ 1,179.20 | $ 2,358.40 |
| 164698 | $ 5,269.85 | $ 5,269.85 | $ 10,539.70 |
| 164736 | $ 9,946.98 | $ 9,946.98 | $ 19,893.96 |
| 164740 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 164787 | $ 2,565.86 | $ 2,565.86 | $ 5,131.71 |
| 164890 | $ 7,931.10 | $ 7,931.10 | $ 15,862.20 |
| 166362 | $ 5,984.56 | $ 5,984.56 | $ 11,969.12 |
| 166437 | $ 3,244.21 | $ 3,244.21 | $ 6,488.41 |
| 166570 | $ 2,800.74 | $ 2,800.74 | $ 5,601.48 |
| 168283 | $ 9,752.58 | $ 9,752.58 | $ 19,505.17 |
| 168298 | $ 540.46 | $ 540.46 | $ 1,080.91 |
| 168905 | $ 4,049.75 | $ 4,049.75 | $ 8,099.49 |
| 169581 | $ 345.59 | $ 345.59 | $ 691.19 |
| 170104 | $ 1,409.34 | $ 1,409.34 | $ 2,818.68 |
| 170566 | $ 3,378.92 | $ 3,378.92 | $ 6,757.83 |
| 172065 | $ 107.09 | $ 107.09 | $ 214.17 |
| 172640 | $ 15,883.91 | $ 15,883.91 | $ 31,767.82 |
| 173894 | $ 108.84 | $ 108.84 | $ 217.69 |
| 174072 | $ 218.30 | $ 218.30 | $ 436.61 |
| 174515 | $ 596.10 | $ 596.10 | $ 1,192.19 |
| 174770 | $ 2,837.22 | $ 2,837.22 | $ 5,674.45 |
| 175394 | $ 3,666.05 | $ 3,666.05 | $ 7,332.09 |
| 176143 | $ 3,560.07 | $ 3,560.07 | $ 7,120.14 |
| 176479 | $ 1,447.83 | $ 1,447.83 | $ 2,895.65 |
| 176551 | $ 3,560.07 | $ 3,560.07 | $ 7,120.14 |
| 177367 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 178043 | $ 183.75 | $ 183.75 | $ 367.50 |
| 178349 | $ 1,810.25 | $ 1,810.25 | $ 3,620.49 |
| 178726 | $ 506.02 | $ 506.02 | $ 1,012.05 |
| 178860 | $ 5,036.65 | $ 5,036.65 | $ 10,073.31 |
| 179644 | $ 531.18 | $ 531.18 | $ 1,062.36 |
| 180182 | $ 4,294.68 | $ 4,294.68 | $ 8,589.36 |
| 180510 | $ 1,486.90 | $ 1,486.90 | $ 2,973.79 |
| 180521 | $ 1,191.28 | $ 1,191.28 | $ 2,382.57 |
| 180590 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 181722 | $ 483.44 | $ 483.44 | $ 966.87 |
| 181941 | $ 3,560.07 | $ 3,560.07 | $ 7,120.14 |
| 182061 | $ 5,751.71 | $ 5,751.71 | $ 11,503.42 |
| 182081 | $ 401.15 | $ 401.15 | $ 802.29 |
| 182484 | $ 2,086.53 | $ 2,086.53 | $ 4,173.06 |
| 182872 | $ 1,612.08 | $ 1,612.08 | $ 3,224.16 |
| 184294 | $ 3,356.92 | $ 3,356.92 | $ 6,713.84 |
| 185769 | $ 1,033.68 | $ 1,033.68 | $ 2,067.37 |
| 185771 | $ 1,407.99 | $ 1,407.99 | $ 2,815.97 |

**Kenneth Beatty, et al. v. Capital One Financial Corporation, et al.**
**Exhibit D**

| Emplid | Owed Wages | Liquidated Damages | Settlement Payment |
|---|---|---|---|
| 191735 | $ 669.46 | $ 669.46 | $ 1,338.92 |
| 193663 | $ 1,269.77 | $ 1,269.77 | $ 2,539.55 |
| 194963 | $ 2,861.39 | $ 2,861.39 | $ 5,722.78 |
| 200787 | $ 1,061.08 | $ 1,061.08 | $ 2,122.16 |
| 200842 | $ 1,346.63 | $ 1,346.63 | $ 2,693.26 |
| 201346 | $ 1,395.23 | $ 1,395.23 | $ 2,790.45 |
| 201539 | $ 397.48 | $ 397.48 | $ 794.96 |
| 201543 | $ 2,819.42 | $ 2,819.42 | $ 5,638.84 |
| 201752 | $ 54.21 | $ 54.21 | $ 108.42 |
| 201871 | $ 2,588.24 | $ 2,588.24 | $ 5,176.48 |
| 202595 | $ 17,208.06 | $ 17,208.06 | $ 34,416.11 |
| 202690 | $ 676.32 | $ 676.32 | $ 1,352.63 |
| 202909 | $ 2,233.83 | $ 2,233.83 | $ 4,467.65 |
| 202922 | $ 2,445.42 | $ 2,445.42 | $ 4,890.85 |
| 202988 | $ 4,434.17 | $ 4,434.17 | $ 8,868.33 |
| 203021 | $ 4,384.21 | $ 4,384.21 | $ 8,768.42 |
| 203332 | $ 8,430.78 | $ 8,430.78 | $ 16,861.56 |
| 203420 | $ 5,041.99 | $ 5,041.99 | $ 10,083.98 |
| 203432 | $ 476.64 | $ 476.64 | $ 953.29 |
| 203641 | $ 1,806.47 | $ 1,806.47 | $ 3,612.93 |
| 204691 | $ 290.06 | $ 290.06 | $ 580.12 |
| 206563 | $ 547.79 | $ 547.79 | $ 1,095.57 |
| 206835 | $ 3,980.99 | $ 3,980.99 | $ 7,961.98 |
| 208033 | $ 16,876.05 | $ 16,876.05 | $ 33,752.10 |
| 208586 | $ 7,258.42 | $ 7,258.42 | $ 14,516.83 |
| 208808 | $ 6,076.50 | $ 6,076.50 | $ 12,153.01 |
| 217061 | $ 2,078.77 | $ 2,078.77 | $ 4,157.54 |
| 218638 | $ 1,917.58 | $ 1,917.58 | $ 3,835.16 |
| 221375 | $ 228.33 | $ 228.33 | $ 456.66 |
| 221379 | $ 771.18 | $ 771.18 | $ 1,542.37 |
| 221581 | $ 228.33 | $ 228.33 | $ 456.66 |
| 221604 | $ 441.29 | $ 441.29 | $ 882.58 |
| 222845 | $ 345.59 | $ 345.59 | $ 691.19 |
| 223239 | $ 599.46 | $ 599.46 | $ 1,198.92 |
| 223507 | $ 960.08 | $ 960.08 | $ 1,920.16 |
| 223527 | $ 3,222.47 | $ 3,222.47 | $ 6,444.94 |
| 223531 | $ 4,204.35 | $ 4,204.35 | $ 8,408.69 |
| 223649 | $ 12,054.86 | $ 12,054.86 | $ 24,109.72 |
| 223658 | $ 1,273.31 | $ 1,273.31 | $ 2,546.61 |
| 224032 | $ 18,577.37 | $ 18,577.37 | $ 37,154.75 |
| 224033 | $ 2,878.63 | $ 2,878.63 | $ 5,757.27 |
| 224036 | $ 6,485.32 | $ 6,485.32 | $ 12,970.64 |
| 224039 | $ 1,000.34 | $ 1,000.34 | $ 2,000.68 |
| 224040 | $ 7,017.28 | $ 7,017.28 | $ 14,034.56 |
| 224047 | $ 14,617.19 | $ 14,617.19 | $ 29,234.39 |
| 224142 | $ 3,614.38 | $ 3,614.38 | $ 7,228.75 |
| 224266 | $ 4,271.57 | $ 4,271.57 | $ 8,543.15 |
| 224502 | $ 228.33 | $ 228.33 | $ 456.66 |
| 224503 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 224505 | $ 2,324.01 | $ 2,324.01 | $ 4,648.01 |

**Kenneth Beatty, et al. v. Capital One Financial Corporation, et al.**
**Exhibit D**

| Emplid | Owed Wages | Liquidated Damages | Settlement Payment |
|---|---|---|---|
| 224507 | $ 2,726.54 | $ 2,726.54 | $ 5,453.07 |
| 224509 | $ 1,624.83 | $ 1,624.83 | $ 3,249.66 |
| 224624 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 224690 | $ 2,283.90 | $ 2,283.90 | $ 4,567.80 |
| 224791 | $ 1,528.40 | $ 1,528.40 | $ 3,056.80 |
| 224798 | $ 1,134.21 | $ 1,134.21 | $ 2,268.43 |
| 224893 | $ 5,307.30 | $ 5,307.30 | $ 10,614.61 |
| 225230 | $ 566.42 | $ 566.42 | $ 1,132.83 |
| 225390 | $ 1,509.81 | $ 1,509.81 | $ 3,019.61 |
| 225391 | $ 4,028.02 | $ 4,028.02 | $ 8,056.05 |
| 225394 | $ 4,074.77 | $ 4,074.77 | $ 8,149.53 |
| 225933 | $ 4,174.72 | $ 4,174.72 | $ 8,349.43 |
| 226022 | $ 4,589.11 | $ 4,589.11 | $ 9,178.23 |
| 226111 | $ 2,670.70 | $ 2,670.70 | $ 5,341.40 |
| 226118 | $ 2,636.27 | $ 2,636.27 | $ 5,272.54 |
| 226174 | $ 3,857.72 | $ 3,857.72 | $ 7,715.43 |
| 226470 | $ 2,695.29 | $ 2,695.29 | $ 5,390.58 |
| 226881 | $ 1,982.26 | $ 1,982.26 | $ 3,964.52 |
| 227076 | $ 1,475.55 | $ 1,475.55 | $ 2,951.09 |
| 227589 | $ 2,969.38 | $ 2,969.38 | $ 5,938.76 |
| 228891 | $ 2,779.03 | $ 2,779.03 | $ 5,558.07 |
| 239726 | $ 1,024.64 | $ 1,024.64 | $ 2,049.27 |
| 241707 | $ 483.27 | $ 483.27 | $ 966.54 |
| 242765 | $ 797.96 | $ 797.96 | $ 1,595.92 |
| 243275 | $ 3,916.26 | $ 3,916.26 | $ 7,832.52 |
| 244210 | $ 1,981.71 | $ 1,981.71 | $ 3,963.42 |
| 244793 | $ 801.13 | $ 801.13 | $ 1,602.25 |
| 248254 | $ 1,361.06 | $ 1,361.06 | $ 2,722.11 |
| 249329 | $ 4,006.22 | $ 4,006.22 | $ 8,012.43 |
| 250188 | $ 16,490.14 | $ 16,490.14 | $ 32,980.27 |
| 251463 | $ 1,230.74 | $ 1,230.74 | $ 2,461.48 |
| 254953 | $ 13,502.84 | $ 13,502.84 | $ 27,005.69 |
| 255947 | $ 189.66 | $ 189.66 | $ 379.31 |
| 256095 | $ 12,906.92 | $ 12,906.92 | $ 25,813.83 |
| 257372 | $ 386.12 | $ 386.12 | $ 772.23 |
| 257732 | $ 3,059.53 | $ 3,059.53 | $ 6,119.06 |
| 282026 | $ 31.74 | $ 31.74 | $ 63.47 |
| 282985 | $ 3,284.73 | $ 3,284.73 | $ 6,569.47 |
| 287200 | $ 500.79 | $ 500.79 | $ 1,001.58 |
| 287539 | $ 3,679.49 | $ 3,679.49 | $ 7,358.98 |
| 287996 | $ 3,097.99 | $ 3,097.99 | $ 6,195.99 |
| 288670 | $ 661.98 | $ 661.98 | $ 1,323.95 |
| 289694 | $ 2,330.26 | $ 2,330.26 | $ 4,660.51 |
| 294959 | $ 2,160.75 | $ 2,160.75 | $ 4,321.49 |
| 295121 | $ 1,004.50 | $ 1,004.50 | $ 2,009.01 |
| 304317 | $ 1,980.03 | $ 1,980.03 | $ 3,960.07 |
| 313351 | $ 3,244.33 | $ 3,244.33 | $ 6,488.66 |
| 315709 | $ 3,347.13 | $ 3,347.13 | $ 6,694.26 |
| 315876 | $ 2,681.58 | $ 2,681.58 | $ 5,363.16 |
| 316503 | $ 2,453.31 | $ 2,453.31 | $ 4,906.63 |

**Kenneth Beatty, et al. v. Capital One Financial Corporation, et al.**
**Exhibit D**

| Emplid | Owed Wages | Liquidated Damages | Settlement Payment |
|---|---|---|---|
| 317565 | $ 2,902.84 | $ 2,902.84 | $ 5,805.69 |
| 319327 | $ 3,335.49 | $ 3,335.49 | $ 6,670.97 |
| 321847 | $ 1,563.49 | $ 1,563.49 | $ 3,126.97 |
| 321957 | $ 2,249.48 | $ 2,249.48 | $ 4,498.96 |
| 322236 | $ 958.16 | $ 958.16 | $ 1,916.32 |
| 322309 | $ 2,970.88 | $ 2,970.88 | $ 5,941.76 |
| 322427 | $ 2,611.91 | $ 2,611.91 | $ 5,223.83 |
| 324543 | $ 2,960.36 | $ 2,960.36 | $ 5,920.73 |
| 326637 | $ 3,449.53 | $ 3,449.53 | $ 6,899.07 |
| 327764 | $ 3,225.24 | $ 3,225.24 | $ 6,450.48 |
| 329414 | $ 2,409.93 | $ 2,409.93 | $ 4,819.86 |
| 330486 | $ 2,976.11 | $ 2,976.11 | $ 5,952.22 |
| 331591 | $ 1,434.94 | $ 1,434.94 | $ 2,869.87 |
| 331828 | $ 5,540.30 | $ 5,540.30 | $ 11,080.61 |
| 331935 | $ 2,571.02 | $ 2,571.02 | $ 5,142.04 |
| 331984 | $ 1,482.78 | $ 1,482.78 | $ 2,965.57 |
| 332021 | $ 1,869.73 | $ 1,869.73 | $ 3,739.46 |
| 332027 | $ 1,738.39 | $ 1,738.39 | $ 3,476.77 |
| 332251 | $ 1,454.23 | $ 1,454.23 | $ 2,908.45 |
| 332446 | $ 1,351.82 | $ 1,351.82 | $ 2,703.63 |
| 332625 | $ 2,300.63 | $ 2,300.63 | $ 4,601.26 |
| 333368 | $ 1,563.91 | $ 1,563.91 | $ 3,127.82 |
| 338748 | $ 2,328.30 | $ 2,328.30 | $ 4,656.59 |
| 340602 | $ 145.44 | $ 145.44 | $ 290.89 |
| 344589 | $ 645.46 | $ 645.46 | $ 1,290.92 |
| 346774 | $ 992.80 | $ 992.80 | $ 1,985.60 |
| 346775 | $ 1,107.03 | $ 1,107.03 | $ 2,214.05 |
| 346899 | $ 1,112.07 | $ 1,112.07 | $ 2,224.14 |
| 347038 | $ 1,195.10 | $ 1,195.10 | $ 2,390.20 |
| 350236 | $ 2,482.11 | $ 2,482.11 | $ 4,964.21 |
| 350494 | $ 517.15 | $ 517.15 | $ 1,034.30 |
| 350786 | $ 615.66 | $ 615.66 | $ 1,231.31 |
| 352747 | $ 391.71 | $ 391.71 | $ 783.41 |
| 352751 | $ 4,012.21 | $ 4,012.21 | $ 8,024.41 |
| 353565 | $ 1,034.44 | $ 1,034.44 | $ 2,068.88 |
| 353570 | $ 664.22 | $ 664.22 | $ 1,328.43 |
| 353873 | $ 1,698.95 | $ 1,698.95 | $ 3,397.90 |
| 356745 | $ 1,380.15 | $ 1,380.15 | $ 2,760.31 |
| 357468 | $ 356.23 | $ 356.23 | $ 712.45 |
| 358095 | $ 1,619.51 | $ 1,619.51 | $ 3,239.03 |
| 358637 | $ 493.35 | $ 493.35 | $ 986.70 |
| 359304 | $ 18.59 | $ 18.59 | $ 37.19 |
| 361997 | $ 263.98 | $ 263.98 | $ 527.96 |
| 362008 | $ 1,314.79 | $ 1,314.79 | $ 2,629.59 |
| 364005 | $ 1,206.49 | $ 1,206.49 | $ 2,412.98 |
| 364147 | $ 1,184.80 | $ 1,184.80 | $ 2,369.61 |
| 365919 | $ 1,273.03 | $ 1,273.03 | $ 2,546.07 |
| 366656 | $ 1,296.88 | $ 1,296.88 | $ 2,593.76 |
| 366945 | $ 1,049.26 | $ 1,049.26 | $ 2,098.51 |
| 366946 | $ 1,367.40 | $ 1,367.40 | $ 2,734.80 |

**Kenneth Beatty, et al. v. Capital One Financial Corporation, et al.**
**Exhibit D**

| Emplid | Owed Wages | Liquidated Damages | Settlement Payment |
|---|---|---|---|
| 367207 | $ 1,024.34 | $ 1,024.34 | $ 2,048.69 |
| 367378 | $ 76.55 | $ 76.55 | $ 153.11 |
| 367720 | $ 1,122.01 | $ 1,122.01 | $ 2,244.02 |
| 368182 | $ 1,098.24 | $ 1,098.24 | $ 2,196.49 |
| 368299 | $ 1,038.33 | $ 1,038.33 | $ 2,076.66 |
| 368836 | $ 953.18 | $ 953.18 | $ 1,906.36 |
| 370872 | $ 114.04 | $ 114.04 | $ 228.08 |
| 372142 | $ 830.52 | $ 830.52 | $ 1,661.03 |
| 375188 | $ 4,150.15 | $ 4,150.15 | $ 8,300.30 |
| 375501 | $ 756.31 | $ 756.31 | $ 1,512.62 |
| 375676 | $ 756.31 | $ 756.31 | $ 1,512.62 |
| 376489 | $ 674.33 | $ 674.33 | $ 1,348.66 |
| 377168 | $ 700.77 | $ 700.77 | $ 1,401.55 |
| 377248 | $ 868.45 | $ 868.45 | $ 1,736.90 |
| 377621 | $ 682.26 | $ 682.26 | $ 1,364.53 |
| 377623 | $ 596.98 | $ 596.98 | $ 1,193.96 |
| 377874 | $ 639.62 | $ 639.62 | $ 1,279.24 |
| 378693 | $ 774.49 | $ 774.49 | $ 1,548.98 |
| 379293 | $ 633.56 | $ 633.56 | $ 1,267.12 |
| 381282 | $ 483.44 | $ 483.44 | $ 966.87 |
| 381411 | $ 571.53 | $ 571.53 | $ 1,143.06 |
| 381412 | $ 78.51 | $ 78.51 | $ 157.01 |
| 381413 | $ 537.15 | $ 537.15 | $ 1,074.30 |
| 381414 | $ 537.15 | $ 537.15 | $ 1,074.30 |
| 381415 | $ 617.72 | $ 617.72 | $ 1,235.45 |
| 381504 | $ 3,076.90 | $ 3,076.90 | $ 6,153.80 |
| 381505 | $ 2,076.80 | $ 2,076.80 | $ 4,153.60 |
| 381523 | $ 537.15 | $ 537.15 | $ 1,074.30 |
| 381524 | $ 483.44 | $ 483.44 | $ 966.87 |
| 381525 | $ 515.66 | $ 515.66 | $ 1,031.33 |
| 381526 | $ 617.72 | $ 617.72 | $ 1,235.45 |
| 381527 | $ 1,097.98 | $ 1,097.98 | $ 2,195.96 |
| 381731 | $ 483.44 | $ 483.44 | $ 966.87 |
| 381732 | $ 479.30 | $ 479.30 | $ 958.61 |
| 381770 | $ 483.44 | $ 483.44 | $ 966.87 |
| 382052 | $ 483.44 | $ 483.44 | $ 966.87 |
| 382053 | $ 483.44 | $ 483.44 | $ 966.87 |
| 382506 | $ 483.44 | $ 483.44 | $ 966.87 |
| 383672 | $ 2,765.35 | $ 2,765.35 | $ 5,530.71 |
| 384109 | $ 473.82 | $ 473.82 | $ 947.64 |
| 384608 | $ 478.42 | $ 478.42 | $ 956.84 |
| 384609 | $ 423.22 | $ 423.22 | $ 846.44 |
| 384610 | $ 478.42 | $ 478.42 | $ 956.84 |
| 384611 | $ 415.12 | $ 415.12 | $ 830.24 |
| 384722 | $ 414.02 | $ 414.02 | $ 828.04 |
| 384723 | $ 2,677.60 | $ 2,677.60 | $ 5,355.21 |
| 386168 | $ 420.46 | $ 420.46 | $ 840.93 |
| 386561 | $ 2,428.24 | $ 2,428.24 | $ 4,856.47 |
| 386851 | $ 382.89 | $ 382.89 | $ 765.78 |
| 386852 | $ 344.60 | $ 344.60 | $ 689.21 |

**Kenneth Beatty, et al. v. Capital One Financial Corporation, et al.**
**Exhibit D**

| Emplid | Owed Wages | Liquidated Damages | Settlement Payment |
|---|---|---|---|
| 387354 | $ 344.60 | $ 344.60 | $ 689.21 |
| 388837 | $ 336.06 | $ 336.06 | $ 672.13 |
| 388985 | $ 2,415.21 | $ 2,415.21 | $ 4,830.42 |
| 391552 | $ 266.65 | $ 266.65 | $ 533.29 |
| 394092 | $ 156.35 | $ 156.35 | $ 312.70 |
| 396306 | $ 93.66 | $ 93.66 | $ 187.31 |
| 396595 | $ 84.29 | $ 84.29 | $ 168.58 |
| 398875 | $ 1,333.30 | $ 1,333.30 | $ 2,666.60 |
| 404103 | $ 839.46 | $ 839.46 | $ 1,678.93 |
| 404112 | $ 909.42 | $ 909.42 | $ 1,818.84 |
| 405874 | $ 718.82 | $ 718.82 | $ 1,437.64 |
| 413318 | $ 490.87 | $ 490.87 | $ 981.75 |

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH BEATTY and DONNET JAMES, on behalf of themselves and all others similarly situated,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **No. 12-cv-434** |
| **v.** | ) ) | **Magistrate Judge Mason** |
| **CAPITAL ONE FINANCIAL CORPORATION, et al.** | ) ) ) | |
| **Defendants.** | ) | |

---

**[proposed] FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT
AND DISMISSING ACTION**

---

After having fully and carefully reviewed Plaintiffs' Unopposed Motion for Settlement Approval and the Parties' Settlement Agreement (Dkt. Entry #70-1), the Court hereby ENTERS FINAL JUDGMENT and ORDERS that:

1.      The Settlement Agreement is APPROVED as a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation, and is incorporated herein by this reference and made a part hereof as though set forth in full.

2.      The formula for allocation of settlement payments set forth in the Settlement Agreement is APPROVED as a fair, equitable, and reasonable measure for distributing the settlement payment to Class Members;

3.      All individuals who have filed consents to join this action as party plaintiffs are hereby deemed to fully and unconditionally waive and release any and all Released Claims (as that term is defined in the Settlement Agreement) against any and all Released Parties (as that

term is defined in the Settlement Agreement), as more fully set forth in the Settlement Agreement.

4.      The attorneys' fees representing One-Third (1/3) of the settlement fund, costs, and the service payments as set forth in the Settlement Agreement, are APPROVED; and Defendants are hereby ORDERED to make payments in accordance with and subject to the terms of the Settlement Agreement.

Accordingly, this Court enters JUDGMENT in accordance with this Order and in accordance with the terms of the Settlement Agreement. This case is DISMISSED WITHOUT PREJUDICE which shall convert to a dismissal with prejudice ninety (90) days after the Notice Period expires.

SO ORDERED this _____ day of _____, 2012

_____
Magistrate Judge Mason